DOWLING v AUTO CLUB CASUALTY INSURANCE COMPANY

Docket No. 80488. Submitted July 23, 1985, at Detroit.—Decided December 3, 1985.

Plaintiff, Dennis Dowling, an automobile mechanic, was injured while at work when he inhaled fumes which were emitted by the exhaust system of a vehicle which was being worked on by another mechanic. The injury occurred when plaintiff was away from his own work area getting parts for an automobile that he was working on. Plaintiff sought no-fault benefits for his injury under a policy issued by defendant, Auto Club Casualty Insurance Company, to plaintiff's wife. Defendant denied the claim and plaintiff brought an action seeking such benefits in the Wayne Circuit Court. The trial court, Thomas Roumell, J., granted a summary judgment for the defendant ruling that plaintiff's claim was barred by § 3106(2) of the no-fault act because plaintiff was doing mechanical work on a vehicle and because the injury arose out of the maintenance of another vehicle rather than the use or operation of another vehicle. Plaintiff appeals. *Held:*

1. Plaintiff was injured during the course of his employment. Workers' compensation disability benefits were available to the plaintiff.

2. The trial court properly found that plaintiff was performing mechanical work on a vehicle when injured. The phrase "doing mechanical work on a vehicle" contained in § 3106(2) should be broadly interpreted. Plaintiff was performing mechanical work while on his short trip to obtain parts.

3. The injury occurred from the maintenance of another vehicle and, therefore, does not fall within the "another vehicle" exception contained in § 3106(2). Since plaintiff's injuries did not arise from the use or operation of another vehicle, the trial court properly granted defendant a summary judgment.

Affirmed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 351-356, 368.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

1. Insurance — No-Fault Insurance — Doing Mechanical Work
   on Vehicle — Judicial Construction.

   The phrase "doing mechanical work on a vehicle" should be
   interpreted broadly to include activities by an automobile
   mechanic such as walking to another area of the garage where
   he works to obtain some parts for the car he is repairing for
   purposes of subsection 3106(2) of the no-fault act which denies
   benefits in certain situations where the injured person is eligi-
   ble for workers' compensation benefits as a result of the injury
   (MCL 500.3106[2]; MSA 24.13106[2]).

2. Insurance — No-Fault Insurance — Another Vehicle Excep-
   tion — Use or Operation — Judicial Construction.

   The "another vehicle" exception contained in subsection 3106(2)
   of the no-fault act which denies benefits in certain situations
   where the injured person is eligible for workers' compensation
   benefits as a result of the injury refers to injuries arising only
   from the "use or operation" of the other vehicle; injuries which
   arise only from the maintenance of another vehicle do not fall
   within the "another vehicle" exception (MCL 500.3106[2]; MSA
   24.13106[2]).

*Harris, Marcks & Mooney, P.C. (by Bennett S. Schwartz), for plaintiff.*

*Dickinson, Brandt, Hanlon, Becker & Lanctot (by Eugene R. Hom), and Gromek, Bendure & Thomas (by John A. Lydick), of counsel, for defendant.*

Before: Gribbs, P.J., and T. M. Burns and M. Warshawsky,* JJ.

Per Curiam. Plaintiff appeals from the trial court's order granting summary judgment in favor of defendant.

Plaintiff claims that he is entitled to no-fault benefits for injuries he received on July 30, 1982, while employed as an automobile mechanic. While at work, plaintiff walked from his work area, to another work area to get some parts. On the way,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff passed an idling vehicle just as another mechanic sprayed a fluid into the vehicle's carburetor, which caused the car's exhaust system to emit a cloud of exhaust. Plaintiff inhaled these fumes and became dizzy and nauseated. He suffered bouts of unconsciousness and was taken to a hospital for emergency treatment. Since the accident, plaintiff has been treated for shortness of breath, light-headedness, and dizziness and also has received psychiatric treatment. Plaintiff claims to have been unable to work since this accident.

Plaintiff sought no-fault benefits for his injury under a no-fault automobile insurance policy issued by defendant to plaintiff's wife. Defendant denied plaintiff's claim because plaintiff's injuries occurred during the course of his employment as an automobile mechanic and, according to defendant, were barred by § 3106(2) of the no-fault act, MCL 500.3106(2); MSA 24.13106(2). The trial court ruled that plaintiff's claim was barred by § 3106(2) because plaintiff was doing mechanical work on a vehicle and because the injury arose out of the maintenance of another vehicle rather than the use or operation of another vehicle.

Both parties agree that workers' compensation is available to plaintiff, that the injury was sustained during the course of plaintiff's employment, and that a parked vehicle was involved. However, they disagree over whether plaintiff "was doing mechanical work" on the vehicle at the time of the injury and whether "the injury arose from the use or operation of another vehicle". Plaintiff argues that, since he was walking from one work bay to another to get parts when the accident occurred, he was not actually "doing mechanical work" when he was injured. He argues further that even if he were doing mechanical work, this subsection nevertheless does not bar his recovery because the

injury arose from the use or operation of another vehicle being worked on by another mechanic. Defendant contends that walking to get parts is doing mechanical work within the meaning of the statute and that the exception for injuries arising from the use or operation of another vehicle does not include injuries arising from the maintenance of another vehicle.

Section 3106(2) of the Michigan no-fault act provides:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan Compiled Laws, are available to an employee who sustains the injury in the course of his or her employment while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle."

In the instant case it is undisputed that plaintiff was injured during the course of his employment and that workers' compensation disability benefits were available to plaintiff. Plaintiff claims that the trial court erred in finding that he was doing mechanical work on a vehicle. We believe that the trial court properly found that plaintiff was performing mechanical work. In *Bell v F J Boutell Driveaway Co,* 141 Mich App 802; 369 NW2d 231 (1985), this Court found that § 3106(2) was intended to eliminate duplication of benefits for work-related injuries except where the actual driving or operation of a motor vehicle is involved. Accordingly, this Court found it appropriate to broadly interpret the terms "loading" and "unloading". Likewise, we believe that the phrase

"doing mechanical work on a vehicle" should be broadly interpreted. In the instant case, plaintiff was working on an automobile and was injured while walking to another area of the garage to obtain some parts. We believe that plaintiff was performing mechanical work while on his short trip to obtain parts.

Upon finding that plaintiff was performing mechanical work at the time he was injured, we must next consider whether plaintiff's injuries "arose from the use or operation of another vehicle". The parties agreed that the injury occurred from the maintenance of another vehicle. The question then is whether the phrase "use or operation" of another vehicle, as used in § 3106(2), encompasses maintenance of the second vehicle. It is apparent from the language of § 3106(2) that the trial court properly considered that maintenance was not included within the meaning of the terms "use or operation". The opening portion of § 3106(2) refers to injury arising out of the "ownership, operation, maintenance, or use" of the parked vehicle while the "another vehicle" exception refers to injuries arising only from the "use or operation" of the other vehicle. The reference to maintenance in the earlier part of the subsection and its absence in the latter part is a legislatively created distinction. Thus, if the injuries arise only from the maintenance of another vehicle, they don't fall within the "another vehicle" exception. Since plaintiff's injuries did not arise from the use or operation of another vehicle, the trial court properly granted summary judgment in favor of defendant.

Affirmed.