STANLEY v STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY

Docket No. 92916. Submitted February 10, 1987, at Grand Rapids.
Decided May 19, 1987.

Fred R. Stanley was employed by an automobile dealership as a
body man. While he was replacing the bumper on a customer's
car, the jack gave way, and the falling car injured him. He
received workers' compensation benefits and brought an action
in the Kent Circuit Court for no-fault benefits against his
insurer, State Automobile Mutual Insurance Company, arguing
that the car was unreasonably parked at the time of the
accident. The court, George R. Cook, J., granted summary
disposition for defendant. Plaintiff appealed.

The Court of Appeals *held:*

Accidental bodily injury for purposes of the no-fault act does
not arise out of the ownership, operation, maintenance, or use
of a parked vehicle as a motor vehicle if benefits under the
Workers' Disability Compensation Act are available to an
employee who sustains the injury in the course of his or her
employment while loading, unloading, or doing mechanical
work on a vehicle unless the injury arose from the use or
operation of another vehicle. This applies to vehicles which
have been parked so as to cause an unreasonable risk of injury.

Affirmed.

Insurance — No-Fault — Parked Vehicles — Workers' Compensa-
tion.

Accidental bodily injury for purposes of the no-fault act does not
arise out of the ownership, operation, maintenance, or use of a
parked vehicle as a motor vehicle if benefits under the Work-
ers' Disability Compensation Act are available to an employee
who sustains the injury in the course of his or her employment

References

Am Jur 2d, Automobile Insurance §§ 34, 129, 368.

Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle; this applies to vehicles which have been parked so as to cause an unreasonable risk of injury (MCL 500.3106[2]; MSA 24.13106[2]).

*Williams, Klukowski, Drew & Fotieo, P.C.* (by *Themis J. Fotieo*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendant.

Before: R. M. MAHER, P.J., and SAWYER and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. In this first party no-fault case, plaintiff appeals as of right from a trial court order granting summary disposition in defendant's favor, MCR 2.116(C)(8) and (10). We affirm.

The facts are not disputed. Mr. Stanley was employed by an automobile dealership as a "body man." While he was replacing the bumper on a customer's car, the jack gave way, and the falling car injured him. The plaintiff received workers' compensation benefits and also sought first party no-fault benefits from his insurer, the defendant here, arguing that the car was "unreasonably parked" at the time of the accident. Benefits were paid for a short time, and this lawsuit followed when they were terminated by defendant.

Defendant moved for summary disposition under both MCR 2.116(C)(8) and (10). The trial court granted the motion but did not specify in its bench opinion or its order which subparagraph of MCR 2.116(C) provided the appropriate basis for the ruling. We will consider the motion as having been granted under subsection (10) since the facts are not in dispute.

* Circuit judge, sitting on the Court of Appeals by assignment.

A motion made pursuant to MCR 2.116(C)(10) may be granted only if the movant can show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. A showing of the absence of factual controversy must be established by affidavits, pleadings, depositions, admissions, or other documentary evidence. *Linebaugh v Berdish,* 144 Mich App 750, 753-754; 376 NW2d 400 (1985). Defendant's claim for summary disposition is premised upon MCL 500.3106; MSA 24.13106, which provides:

(1) Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

(b) Except as provided in subsection (2), the injury was a direct result of physical contact with the equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

(2) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan Compiled Laws, are available to an employee who sustains the injury in the course of his or her employment while loading, unloading, or doing mechanical work on a vehicle unless the

injury arose from the use or operation of another vehicle.

We hold that the trial court correctly determined that the defendant is entitled to judgment as a matter of law under subsection (2). It is undisputed that plaintiff was an employee who suffered injury in the course of his employment while doing mechanical work on a parked vehicle. Plaintiff's claim that situations within the parked vehicle exclusion provided by subsection (1)(a) are not subject to subsection (2) is without merit. Plaintiff notes that subsection (1)(b) and (c) are prefaced with the phrase "except as provided in subsection (2)." Plaintiff then emphasizes that subsection (1)(a) lacks that preface and concludes that cases governed by subsection (1)(a) are not therefore subject to subsection (2). The semantic symmetry of this argument is appealing but its conclusion is belied by recognition of the statute's history. As enacted in 1972 PA 294, effective October 1, 1973, § 3106 of the no-fault act removed all parked vehicle injuries from the ambit of the statute with the three exceptions now found in subsection (1). By 1981 PA 209, § 3106 was amended to add subsection (2) and the prefatory phrases in subsections (1)(b) and (c). The amendment was intended to exclude no-fault coverage in specified parked vehicle cases where workers' compensation benefits are available. This amendment was designed then to avoid duplicative recovery. *Bell v FJ Boutell Driveaway Co,* 141 Mich App 802, 809; 369 NW2d 231 (1985). The prefatory phrase added to subsections (1)(b) and (c) was not needed in subsection (1)(a) since that provision contained no reference to, or likely connection with, work-related loading, unloading or mechanical work. The absence of the phrase does not

therefore support plaintiff's claim that subsection (1)(a) cases are immune from the coverage bar of subsection (2).

Moreover, the plain meaning of MCL 500.3106; MSA 24.13106 supports defendant's interpretation. Subsection (1) provides that "[a]ccidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle" unless any of the three exceptions noted thereafter apply. Subsection (2) provides that "[a]ccidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle" if the plaintiff is entitled to workers' compensation benefits. Thus, the operative effect of failure to meet any of the three subsection (1) exceptions and of the entitlement to workers' compensation benefits under the circumstances noted in subsection (2) is identical; an accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle does not occur. Such an accidental bodily injury is a prerequisite to qualification for no-fault benefits. MCL 500.3101(2)(d); MSA 24.13101(2)(d). Even if plaintiff's claim is not barred by subsection (1) by reason of the applicability of one of the exceptions, his entitlement to workers' compensation benefits constitutes a bar under subsection (2) that is entirely independent of plaintiff's status under subsection (1).

This Court's previous decisions examining the legislative intent underlying MCL 500.3106(2); MSA 24.13106(2) support the defendant's interpretation. In *Bell v F J Boutell Driveaway Co, supra,* this Court held that the reference in subsection (2) to "loading" and "unloading" should be given an expansive reading in order to give subsection (2) a broad scope. This holding was in part premised

upon an inference of a legislative intent to eliminate duplicative recoveries of no-fault benefits and workers' compensation benefits. The Court stated:

> We conclude that the Legislature intended to eliminate duplication of benefits for work-related injuries except where the actual driving or operation of a motor vehicle is involved. Therefore, we find it appropriate to broadly interpret the terms "loading" and "unloading" in subsection (2) because by doing so the statute further eliminates duplication of benefits for work-related injuries that do not relate to the actual driving or operation of a motor vehicle. [141 Mich App 810-811.]

Thus, the plaintiffs in *Bell* were denied no-fault benefits for injuries sustained in the course of activities conducted in preparation for unloading trucks. See also *MacDonald v Michigan Mutual Ins Co,* 155 Mich App 650; 400 NW2d 305 (1986), lv den 426 Mich 852 (1986).

In *Dowling v Auto Club Casualty Ins Co,* 147 Mich App 482; 383 NW2d 233 (1985), this Court followed the mode of interpretation suggested in *Bell, supra,* holding that an auto mechanic's walking away from his work area to obtain parts was "mechanical work" for purposes of subsection (2). To the same effect is *Gray v Liberty Mutual Ins Co,* 149 Mich App 446; 386 NW2d 210 (1986), lv den 425 Mich 885 (1986).

Further support for a construction applying the subsection (2) bar to circumstances falling under the subsection (1)(a) exception is found in *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981), which was decided before the addition of subsection (2) by the enactment of 1981 PA 209. The Court stated:

> The policy underlying the parking exclusion is

not so obvious but, once discerned, is comparably definite. Injuries involving parked vehicles do not normally involve the vehicle *as a motor vehicle.* Injuries involving parked vehicles typically involve the vehicle in much the same way as any other stationary object (such as a tree, sign post or boulder) would be involved. There is nothing about a parked vehicle *as a motor vehicle* that would bear on the accident.

The stated exceptions to the parking exclusion clarify and reinforce this construction of the exclusion. Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents.

Section 3106(a), which excepts a vehicle parked so as to create an unreasonable risk of injury, concerns the act of parking a car, which can only be done in the course of using the vehicle as a motor vehicle, and recognizes that the act of parking can be done in a fashion which causes an unreasonable risk of injury, as when the vehicle is left in gear or with one end protruding into traffic. [411 Mich 639-640.]

In passing, this Court notes plaintiff's argument that the parked vehicle exclusion of MCL 500.3106(1); MSA 24.13106(1) has no applicability to the instant case because the vehicle, in the process of falling from the jack, was in motion, and, thus, it was not parked. In *Miller,* the Court confronted similar facts—the plaintiff was crushed by an automobile falling off a jack. Although the precise issue was not addressed in *Miller,* the Court noted that claims for no-fault benefits must be based on accidents involving a motor vehicle functioning "as a motor vehicle." 411 Mich 639. An automobile falling off a jack is not functioning as a motor vehicle. See also *Krause v Citizens Ins Co of America,* 156 Mich App 438; 402 NW2d 37

(1986), where this Court denied no-fault benefits when the movement of the vehicle was "incidental" to the causation of the plaintiff's injuries.

In light of the undisputed facts, plaintiff's entitlement to workers' compensation benefits bars his claim for no-fault insurance benefits pursuant to MCL 500.3106(2); MSA 24.13106(2). Summary disposition was proper.

Affirmed. Costs to appellee.