*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERRY L. SMITH,

     Plaintiff-Appellant,

v

EVEREST NATIONAL INSURANCE COMPANY,

     Defendant-Appellee,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,[1]

     Defendant.

UNPUBLISHED
July 1, 2021

No. 353880
Ingham Circuit Court
LC No. 19-000343-NF

Before: JANSEN, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

     Plaintiff, Terry L. Smith, appeals as of right the trial court's order granting summary disposition in favor of defendant-appellee, Everest National Insurance Company (Everest). On appeal, plaintiff argues the trial court erred in granting summary disposition, finding plaintiff was not entitled to no-fault benefits because the tow truck was parked for the purposes of the parked vehicle exclusion, under MCL 500.3106. In addition, plaintiff argues the trial court erred in concluding that plaintiff was not entitled to no-fault benefits, even to the extent that the tow truck was not parked, because workers' compensation benefits were available. We reverse the trial court's decision to grant Everest's motion for summary disposition and we remand to the trial court.

---

[1] Progressive Michigan Insurance Company (Progressive) was dismissed after the parties agreed that defendant-appellee, Everest National Insurance Company (Everest), was the insurer of highest priority and, consequently, Progressive is no longer a party in this suit.

## I. FACTUAL BACKGROUND

This case arises from an accident involving a tow truck at plaintiff's place of employment, Swift Towing, LLC (Swift). At the time of the accident, the tow truck was driven up onto an 8- to 10-inch car ramp made of railroad ties, the ignition was turned off, the transmission was put in neutral, and the wheels were "chocked" to prevent the wheels from moving. Plaintiff, a tow truck mechanic, indicated he was repairing an electrical issue, involving the "neutral safety switch,"[2] which required him to work beneath the tow truck to inspect the frame. While plaintiff was working beneath the tow truck, the tow truck's wheels began to move, causing the tow truck to roll down the ramp. Plaintiff was crushed by the tow truck's gas tank. Nearby employees were able to lift the tow truck off plaintiff using a jack; however, plaintiff suffered a shoulder injury that required surgery, a punctured lung, and several broken ribs. As a result of the accident and his injuries, plaintiff received workers' compensation benefits through Swift from the date of the accident through February 2019. At the time of the accident, plaintiff's wife, April Smith, had an automobile insurance policy with Everest.

Plaintiff sued Everest, alleging a violation of the no-fault act, MCL 500.3101, *et seq*. Specifically, plaintiff alleged Everest unreasonably denied payment of plaintiff's claim for no-fault benefits for injuries sustained in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle. In its answer, Everest denied plaintiff's allegations and asserted, in part, that plaintiff's losses had not yet occurred, payment had previously been made, and a reasonable question of plaintiff's entitlement to no-fault benefits existed. In reply, plaintiff denied Everest's affirmative defenses.

Everest then moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10), arguing plaintiff's claim was precluded by the plain language of MCL 500.3106(2)(a) because, at the time of the accident, he was performing mechanical work on a parked vehicle and was eligible for workers' compensation benefits for his injuries. Relying on *Stanley v State Auto Ins Co*, 160 Mich App 434; 408 NW2d 467 (1987), Everest asserted the tow truck was unquestionably parked when it was placed on ramps, placed in neutral, with the ignition turned off, and had its wheels chocked to immobilize it. Because plaintiff's injuries from working on the parked tow truck were eligible for workers' compensation benefits, Everest also argued plaintiff was barred from collecting a duplicate recovery through no-fault benefits for the same injuries. In response, plaintiff argued he was entitled to no-fault benefits because the tow truck was not parked at the time of the accident. Plaintiff asserted that the parked vehicle exclusion only applied to bar no-fault benefits if the vehicle was motionless; and because the tow truck was rolling when it struck plaintiff, the parked vehicle exclusion did not apply. In reply, Everest argued *Woodring v Phoenix Ins Co*, 325 Mich App 108; 923 NW2d 607 (2018), provided the most accurate definition of "parked" under MCL 500.3106. Applying the *Woodring* definition, Everest reasserted that the tow truck was parked because it was motionless up on a ramp, ignition turned off, and with the wheels chocked to prevent it from moving. Everest argued the tow truck was not being used as a vehicle at the time of the accident, making it indistinguishable from any other piece

---

[2] The record only briefly mentions the "neutral safety switch" without addressing the function of this mechanism.

of heavy equipment undergoing maintenance. Everest asserted that the haphazard rolling of the tow truck's wheels at the time of the accident was only incidental to plaintiff's alleged injuries. Because the tow truck was parked, under MCL 500.3106, Everest further argued that plaintiff's attempt to collect a duplicate recovery of no-fault benefits failed.

The trial court granted Everest's motion for summary disposition, under MCR 2.116(C)(8) and MCR 2.116(C)(10), and dismissed plaintiff's complaint. The trial court found that reasonable minds could not differ that the tow truck, which was not on a road, not running, and up on a ramp with its wheels chocked for maintenance, was more like any other stationary roadside object that could have caused plaintiff's injuries, was motionless, and was incapable of being readily put back into motion. The trial court reasoned that the tow truck "was not literally 'motionless' because it rolled a short distance into plaintiff" and that the absence of motion "has not been relied upon as a *sine qua non* for a vehicle to be considered 'parked.' " As a result, the trial court concluded that the tow truck was "parked" within the meaning of MCL 500.3106 and granted Everest's motion for summary disposition. The trial court further concluded that plaintiff's recovery of workers' compensation benefits barred his claim for no-fault benefits.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(8), which tests the legal sufficiency of a claim, and MCR 2.116(C)(10), which tests the factual sufficiency of a claim. *Eplee v Lansing*, 327 Mich App 635, 644; 935 NW2d 104 (2019); *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 617-618; 873 NW2d 783 (2015). In evaluating a MCR 2.116(C)(8) motion, only the pleadings are to be considered and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. *Eplee*, 327 Mich App at 644 (quotation marks and citation omitted). Summary disposition should be granted when "the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 644-645 (quotation marks and citation omitted). Moreover, when deciding a MCR 2.116(C)(10) motion, this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Summary disposition should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Likewise, this Court reviews de novo whether the trial court properly interpreted and applied the relevant statutes. *Mich Ass'n of Home Builders v Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019). In interpreting a statute, the reviewing court's role is to ascertain the legislative intent that may reasonably be inferred from the express language in the statute. *Id*. If the statutory language is unambiguous, then the statute must be applied as written without judicial interpretation. *Id*. It is presumed "the Legislature intended the meaning it plainly expressed . . . " *Cox v Hartman*, 322 Mich App 292, 298-299; 911 NW2d 219 (2017) (quotation marks and citation omitted).

III. PARKED VEHICLE EXCLUSION

Plaintiff argues the trial court erred in granting summary disposition, finding the tow truck was parked, under MCL 500.3106. We agree.

"The purpose of the Michigan no-fault act[, MCL 500.3101 *et seq*.,] is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008). Generally, an insurer of personal protection insurance "is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1). However, "bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle[,]" unless a listed exception exists. MCL 500.3106(1). To collect no-fault benefits for an injury involving a parked vehicle, the injured party must show that the circumstances fall into one of the three exceptions: (1) the vehicle was parked in a way that caused an unreasonable risk of the bodily injury which occurred; (2) the injury occurred from physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property was being lifted onto or lowered from the vehicle in the loading or unloading process; or (3) the injury occurred while occupying, entering into, or alighting from the vehicle. MCL 500.3106(1)(a); MCL 500.3106(1)(b); MCL 500.3106(1)(c). Accordingly, the injured party must show that the injury arose from the ownership, operation, maintenance, or use of the parked vehicle as a motor vehicle and the injury had a causal relationship to the parked motor vehicle that was more than incidental, fortuitous, or but for. *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 635-636; 563 NW2d 683 (1997).

The term "parked" is not defined in the no-fault act. *Woodring*, 325 Mich App at 120. As a result, this Court has interpreted the statutory term in accordance with its ordinary and generally accepted meaning. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). In doing so, this Court has stated:

> The most coherent and succinct standard for determining what constitutes a parked vehicle is whether the vehicle was in use as a motor vehicle or more like other stationary roadside objects that can be involved in vehicle accidents. *Woodring*, 325 Mich App at 122 (quotation marks and citation omitted).

"[A] vehicle is not necessarily parked just because it is stopped, halted, standing, or otherwise not presently in motion." *Id*. at 121. Rather, "our Supreme Court has indicated that a lack of vehicular movement merely triggers a requirement to consider *whether* the vehicle is therefore parked." *Id*. (emphasis included). The relevant time when analyzing the requirements in MCL 500.3106 is the time when plaintiff was injured. *Johnston v Hartford*, 131 Mich App 349, 361; 346 NW2d 549 (1984). Accordingly, "[t]he only obvious definition that can be assembled from [previous cases] is that [a parked] vehicle is both motionless *and* either being used as something unrelated to being a vehicle or incapable of being readily put back into motion." *Id*. at 123 (emphasis included).

We conclude that the limited record is insufficient to determine whether the tow truck was actually parked under MCL 500.3106. Specifically, the lack of information and discovery in this case leaves this Court with many questions, which the parties were unable to remedy at oral

-4-

argument. For example, at the time of the accident, the tow truck was undergoing a repair to an electrical issue that involved the "neutral safety switch," which allegedly required the tow truck to be in neutral during the repair. Unfortunately, the record does not definitely address the function of a neutral safety switch or the effect of a defective neutral safety switch on the operation of the tow truck, nor was either party able to address this issue at oral argument. Likewise, there is no indication that plaintiff's mechanical work was centralized to the towing function of the tow truck as compared to its transportational function as a motor vehicle. Furthermore, the tow truck was not actually motionless at the time of the injury, and the nature of that motion was consistent with how a motor vehicle would move while in operation.

While we recognize that the record is not completely devoid of information, the limited discovery by the parties, which amounts to a single deposition, does not lead this Court to conclude that no genuine issue of material fact exists. Further, when viewed in a light most favorable to plaintiff, the evidence reasonably indicates that the tow truck may not have been parked because the wheels were in motion and plaintiff was making a repair to the towing function of the tow truck that did not necessarily render it inoperable. *Eplee*, 327 Mich App at 644; *Corley*, 470 Mich at 278. On this basis, we conclude that a question of fact exists as to whether the tow truck was parked, under MCL 500.3106, at the time of the accident. Therefore, the trial court erred in granting Everest's motion for summary disposition.

## IV. EFFECT OF WORKERS' COMPENSATION BENEFITS

In addition, plaintiff argues that his recovery of workers' compensation benefits does not bar his claim for no-fault benefits because the tow truck was not parked. To the extent the factfinder determines that the tow truck was parked at the time of the accident, we conclude that plaintiff's claim for no-fault benefits would be barred by MCL 500.3106(2)(a).

Under MCL 500.3106(2)(a), bodily injury does not arise from "the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's compensation disability compensation act . . . are available to an employee who sustains the injury in the course of [their] employment while . . . doing mechanical work on a vehicle[.]" MCL 500.3106(2)(a). "The Legislature chose the word 'available' to prevent duplicative recovery to an injured person under both no-fault insurance and workers' compensation." *Adanalic v Harco Nat Ins Co*, 309 Mich App 173, 188; 870 NW2d 731 (2015) (citation omitted). "The workers' compensation act and the no-fault act are complete and self-contained legislative schemes, and neither scheme should be permitted to frustrate the purposes and objectives of the other scheme." *Id*. at 185-186 (quotation marks and citation omitted). "It is well settled that under MCL 500.3109(1), workers' compensation benefits must be deducted, i.e., set off, from no-fault benefits." *Id*. at 186. Under MCL 500.3109(1), workers' compensation benefits are required to be subtracted from any no-fault benefits otherwise payable for plaintiff's injury. MCL 500.3109(1).

The trial court did not err in concluding that plaintiff's claim for no-fault benefits was barred, if the tow truck was parked at the time of accident, because plaintiff received workers' compensation benefits. While plaintiff contends that any recovery of no-fault benefits would be entitled to a setoff by the amount plaintiff received as workers' compensation benefits, the parties' dispute does not involve a claim for setoff pursuant to MCL 500.3109(1). Rather, the issue

concerns the interplay between no-fault benefits and workers' compensation benefits with a parked vehicle, under MCL 500.3106(2). It is undisputed that plaintiff received workers' compensation benefits for his injuries related to the accident. On this basis, the plain language of MCL 500.3106(2)(a) indicates that plaintiff would not be eligible for no-fault benefits if his injuries arose from performing mechanical work on a parked motor vehicle because he received workers' compensation benefits for those injuries. Therefore, to the extent that the factfinder determines the tow truck was parked at the time of the accident, plaintiff's claim for no-fault benefits is barred because plaintiff received workers' compensation benefits. However, for the reasons discussed above, this record does not permit a definitive conclusion regarding plaintiff's no-fault claims at this time.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause