TRASTI v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 115552. Submitted October 4, 1989, at Marquette. Decided November 7, 1989.

Paul A. Trasti, employed as a mechanic for Hocking Construction Company, sustained fatal injuries when a Hocking co-worker, unaware that Trasti was working underneath a truck, started the truck and ran over Trasti. Margaret Trasti, the decedent's widow, brought an action in Houghton Circuit Court seeking benefits from Citizens Insurance Company of America, her no-fault automobile insurer, and Employers Insurance Company of Wausau, Hocking's no-fault automobile insurer. The court, Stephen D. Condon, J., granted summary disposition in favor of defendants, ruling that no-fault benefits are barred under § 3106(2)(a) of the no-fault act, MCL 500.3106(2)(a); MSA 24.13106(2)(a), which in part provides that accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if workers' compensation benefits are available for the injury and the injury is sustained in the course of loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle. Plaintiff appealed.

The Court of Appeals *held*:

Section 3106(2)(a) does not apply in this case since, at the time of decedent's accident, the truck was not a parked vehicle.

Reversed.

INSURANCE — NO-FAULT — PARKED VEHICLES — WORKERS' COMPENSATION.

The no-fault act provides that accidental bodily injury, for purposes of the act, does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the Workers' Disability Compensation Act are available to an employee who sustains an injury in the course of his employment while loading, unloading, or doing mechani-

REFERENCES

Am Jur 2d, Automobile Insurance § 34.

See the Index to Annotations under No-Fault Insurance; Mechanics; Parked or Parking Vehicle; Workers' Compensation.

cal work on a vehicle unless the injury arose from the use or operation of another vehicle; this provision does not apply in the case of a person employed as an automobile mechanic who suffers injury while working underneath an automobile owned by his employer when a co-worker, unaware that the person is underneath the automobile, starts the automobile and runs over the person; in such case the automobile cannot be considered a parked vehicle (MCL 500.3106[1][a]; MSA 24.13106[2][a]).

*Wisti & Jaaskelainen, P.C.* (by *Mikael G. Hahner*), for plaintiff.

*Vairo, Mechlin, Tomasi, Johnson & Manchester* (by *Frederick N. Johnson*), for Citizens Insurance Company of America.

*Thomas L. Solka,* for Employers Insurance Company of Wausau.

Before: GILLIS, P.J., and SULLIVAN and CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order granting defendants' motion for summary disposition. We reverse.

Plaintiff's husband, Paul A. Trasti, was employed as a mechanic by Hocking Construction Company. Another Hocking employee drove his company truck to the repair shop and told plaintiff's husband that it was not running properly. Thereafter, plaintiff's husband went out to the truck and got underneath it to determine the source of the problem. Subsequently, the coemployee, unaware that plaintiff's husband was under the truck, started the truck and ran over him. Plaintiff's husband later died from the injuries he had suffered.

Plaintiff sued Citizens Insurance Company of America, which was her no-fault insurer, and Employers Insurance Company of Wausau, which was Hocking's no-fault insurer, claiming that she was entitled to no-fault benefits. Defendants moved

for summary disposition, claiming that MCL 500.3106(2)(a); MSA 24.13106(2)(a) applied.

MCL 500.3106(2); MSA 24.13106(2) provides:

> Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan Compiled Laws, or under a similar law of another state or under a similar federal law, are available to an employee who sustains the injury in the course of his or her employment while doing either of the following:
>
> (a) Loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle.

Defendants claimed that when plaintiff's husband went under the vehicle it was parked and his injury arose in the course of his employment of determining what mechanical work was required. Hence, defendants argued that the subsequent operation of the vehicle was irrelevant in light of the Legislature's intent to eliminate duplicate benefits for work-related injuries.

In opposition, plaintiff argued that her husband's injuries did not result from a parked vehicle because the vehicle was being used as a motor vehicle when the accident occurred.

The circuit court agreed with defendants and, therefore, did not reach the issue of priority raised by defendant Employers.

We agree with plaintiff. See and compare *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981); *Stanley v State Automobile Mutual Ins Co,* 160 Mich App 434; 408 NW2d 467 (1987). We need not address the priority issue which was not resolved by the circuit court.

Reversed.