NORTH v KOLOMYJEC

Docket No. 146434. Submitted April 2, 1993, at Grand Rapids. De-
cided June 7, 1993, at 9:00 A.M.

Richard North brought an action in the Ionia Circuit Court
against Walter Kolomyjec, seeking damages for injuries suf-
fered when a co-worker started the defendant's automobile,
causing it to lurch forward, striking and injuring the plaintiff.
The court, James K. Nichols, J., granted summary disposition
for the defendant, finding that the statute imposing liability on
the owner of a motor vehicle, MCL 257.401(1); MSA 9.2101(1),
was not applicable because the vehicle was not being driven at
the time of the accident, it having been started by the co-
worker while he was outside the vehicle. The plaintiff appealed.

The Court of Appeals *held:*

1. To subject an owner of a motor vehicle to liability under
the owner's liability statute, an injured plaintiff need only
prove that the defendant is the owner of the vehicle involved
and that it was being operated with the defendant's knowledge
or consent. Operation of a motor vehicle means having actual
physical control of the vehicle; operation is not limited to the
act of driving. The pleadings clearly establish that the co-
worker had actual physical control of the vehicle with the
defendant's knowledge or consent and, thus, was operating the
vehicle within the meaning of the statute. The court's determi-
nation that the owner's liability statute is not applicable under
the circumstances was erroneous, and summary disposition
should not have been granted.

2. The parked vehicle provision of the no-fault act applies
only to first-party coverage, not to the third-party residual
liability coverage at issue in these circumstances.

Reversed and remanded.

*Kelly, Henkel & David, P.C.* (by *Harold P.
Henkel*), for the plaintiff.

*Rex P. O'Connor,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and WEAVER and D. E. SHELTON,* JJ.

D. E. SHELTON, J. On August 24, 1988, defendant's wife took his automobile to the Ionia 10-Minute Lube for an oil change. Aaron Moore and plaintiff were coemployees at the Ionia 10-Minute Lube. In the process of servicing the vehicle, plaintiff was working in front of the car when Moore decided to check the oil level by starting the engine. As he reached through the window and turned the key, the car lurched forward, striking and injuring plaintiff. Plaintiff brought this personal injury action against defendant as the owner of the vehicle. The trial court granted summary disposition in favor of defendant. We reverse.

The owner's liability statute, MCL 257.401(1); MSA 9.2101(1), provides, in pertinent part, as follows:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle whether the negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in the operation of the motor vehicle as the rules of the common law requires. The owner shall not be liable, however, unless the motor vehicle is being driven with his or her express or implied consent or knowledge.

The statute has been construed a number of times by our courts. It is well settled that the statute was passed in response to an overwhelming public need. *Frazier v Rumisek,* 358 Mich 455, 457; 100 NW2d 442 (1960); *Mull v Equitable Life Assurance Society of the United States,* 196 Mich App 411, 416; 493 NW2d 447 (1992). It created a new cause

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of action against a motor vehicle owner for injuries arising out of a nonowner's negligent operation of the vehicle. *Berry v Kipf,* 160 Mich App 326; 407 NW2d 648 (1987). The statute was designed to extend and complement the common law. *Moore v Palmer,* 350 Mich 363; 86 NW2d 585 (1957).

Our Supreme Court in *Dale v Whiteman,* 388 Mich 698, 703; 202 NW2d 797 (1972), quoting *Frazier, supra* at 457, summarized the statutory purpose as follows:

> The owner liability statute before us was passed in response to an overwhelming public need. Common-law liability, circumscribed as it was by the doctrine of bailment, *respondeat superior,* agency, and the like, was unable to cope with the rising tide of injuries resulting from the use of the new mechanism, the automobile. Principal among the legislative answers were the owner liability laws. Their purpose . . . was to extend and complement the common law. The legislative theory was simple to state and broadly applicable: An owner was liable for the negligent operation of the machine owned by him when he had consented to its use. The liability is broader than that imposed by the doctrine of *respondeat superior . . . .*

The purpose of the statute is to place the risk of damage or injury on the person who has the ultimate control of the motor vehicle, as well as on the person who is in immediate control. *Cowan v Strecker,* 394 Mich 110; 229 NW2d 302 (1975); *Roberts v Posey,* 386 Mich 656, 662; 194 NW2d 310 (1972).

To subject an owner to liability under the statute, an injured person need only prove that the defendant is the owner of the vehicle and that it was being operated with the defendant's knowl-

edge or consent. Here, it is undisputed that defendant was the owner of the vehicle that caused plaintiff's injuries. It is similarly uncontested that defendant consented to the work that was being performed on his car by plaintiff and Moore and that plaintiff's injuries occurred when Moore turned the ignition switch in defendant's car.

The Supreme Court and this Court have dealt with the issue of the liability of an owner for injuries in a repair or service situation on a number of occasions. Each time, it has been held that the owner's liability statute simply means what it says and that the owner is liable for such injuries. In *Dale, supra,* our Supreme Court found owner liability where the owner had delivered his car to a car wash and an employee hit a co-worker while driving the vehicle to the drying area. Similarly, in *Trasti v Citizens Ins Co of America,* 181 Mich App 191; 448 NW2d 773 (1989), we found owner liability where a coemployee drove a truck over a mechanic who had crawled under it for inspection. In each case, as in this case, ownership of the motor vehicle was undisputed and consent was found in the owner's delivery of the vehicle to the facility. We have also made clear that an action based upon the owner's liability statute is not precluded by the immunity of the operator, as here, under the Worker's Disability Compensation Act. See *Wilson v Al-Huribi,* 55 Mich App 95; 222 NW2d 49 (1974).

Defendant attempts to distinguish *Dale* by claiming that Moore was not "operating" the vehicle because he was not driving it at the time of the injury. The meaning of the term "operation" of a motor vehicle is easily determined. Where a statute supplies its own glossary of terms, this Court must apply the meaning as expressly defined. *Mull, supra* at 417. The Vehicle Code, of which the

owner's liability statute is a part, contains the following definitions:

> "Operate" or "operating" means being in actual physical control of a vehicle regardless of whether or not the person is licensed under this act as an operator or chauffeur. [MCL 257.35a; MSA 9.1835(1).]

> "Operator" means every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a highway. [MCL 257.36; MSA 9.1836.]

Clearly, whether starting a car can be considered driving it or not, Moore was the person in actual physical control of the vehicle at the time of the injury and, as such, it was his "operation" of the motor vehicle that resulted in liability under MCL 257.401; MSA 9.2101. Nor does the fact that the operation occurred on private land, as opposed to a public highway, preclude owner liability. *Ladner v Vander Band,* 376 Mich 321; 136 NW2d 916 (1965).

Finally, defendant argues that *Dale* is obsolete in view of the subsequent adoption of § 3106 of the no-fault act, MCL 500.3106; MSA 24.13106. That section excuses auto insurers from the responsibility to pay first-party benefits where the injuries arise from specified parked vehicle cases where workers' compensation benefits are available. See *Gordon v Allstate Ins Co,* 197 Mich App 609, 615; 496 NW2d 357 (1992). This is a third-party residual liability case under § 3135 of the no-fault act. See MCL 500.3135; MSA 24.13135. The clear intent of the Legislature in § 3106 was to eliminate duplication of the medical and wage-loss benefits of workers' compensation with the first-party medical and wage-loss benefits afforded by the no-fault

act. See *Gordon, supra* at 615; see also *Stanley v State Automobile Mutual Ins Co,* 160 Mich App 434, 437; 408 NW2d 467 (1987). Whether that section would apply in a case between plaintiff and his no-fault insurer is not an issue presented by this third-party residual liability case against the owner of the vehicle.

The trial court's order granting summary disposition for defendant is reversed, and the case is remanded for further proceedings consistent with this opinion.