POCH v ANDERSON

Docket No. 198938. Submitted September 4, 1997, at Grand Rapids. Decided March 27, 1998, at 9:00 A.M.

Jeremy L. Poch brought an action in the Presque Isle Circuit Court against Billy Joe Anderson, Jr., Billy Joe Anderson, Sr., and others after being injured as a passenger of nineteen-year-old Anderson junior in an automobile owned by Anderson senior. The plaintiff alleged that Anderson junior, who was charged with operating a motor vehicle while under the influence of liquor and with being a minor in possession of alcohol in connection with the accident, drove negligently and in violation of Michigan Vehicle Code provisions governing speed limits and restrictions, drunken driving, reckless driving, and careless driving. The plaintiff alleged liability by Anderson senior under the automobile owner's liability act. The court, Joseph P. Swallow, J., granted summary disposition for the defendants, ruling that, under the wrongful-conduct rule, the plaintiff's illegal act of furnishing alcohol to a minor, i.e., Anderson junior, bars him from bringing an action. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred in applying the wrongful-conduct rule. The rule bars a plaintiff from bringing an action for negligent injury where the injury was sustained while and as a proximate result of committing an illegal act. If, as in this case, a complete cause of action can be shown without the necessity of proving the plaintiff's illegal act, the wrongful-conduct rule does not bar the action. Moreover, where, as here, the illegal act only amounts to a violation of a safety statute, the plaintiff's act, while illegal, does not rise to the level of serious misconduct sufficient to bar a cause of action by application of the wrongful-conduct rule.

2. Under comparative negligence, the plaintiff's negligence, if any, serves to reduce his recoverable damages by his proportionate share of fault.

3. The trial court erred in summarily dismissing the plaintiff's claim under the automobile owner's liability act against Anderson senior. An automobile owner is liable under the act upon proof by an injured plaintiff that the defendant owned the automobile and that it was operated with the defendants' knowledge or consent.

Knowledge and consent are presumed under the act where, as here, the automobile is being driven by a child of the owner. The plaintiff's claim under the automobile owner's liability act is not blocked by his violation of the statute that proscribes the furnishing of alcohol to a minor because the Legislature did not limit application of the act to innocent plaintiffs only.

Reversed and remanded for further proceedings.

1. NEGLIGENCE — DEFENSES — WRONGFUL-CONDUCT RULE.

The wrongful-conduct rules bars an action for negligent injury where the plaintiff sustained the injury while and as a proximate result of committing an illegal act, except where the illegal act consists of a violation of a safety statute.

2. NEGLIGENCE — DEFENSES — WRONGFUL-CONDUCT RULE — FURNISHING ALCOHOL TO MINORS.

Furnishing alcohol to a minor is a violation of a safety statute and, if committed by a plaintiff in an action for negligent injury, does not subject the action to the wrongful-conduct rule (MCL 436.33[1]; MSA 18.1004[1]).

3. NEGLIGENCE — AUTOMOBILE OWNER'S LIABILITY.

An automobile owner's liability for personal injury is established in an action brought under the automobile owner's liability act upon proof by the plaintiff that the defendant owned the automobile and that the automobile was driven with the defendant's knowledge or consent; knowledge and consent are presumed under the act where the driver is a spouse, parent, sibling, child, or other member of the owner's immediate family (MCL 257.401[1]; MSA 9.2101[1]).

4. NEGLIGENCE — AUTOMOBILE OWNER'S LIABILITY.

Relief under the automobile owner's liability act is not limited to innocent plaintiffs; a plaintiff who is injured in an accident involving an automobile driven by a minor to whom the plaintiff illegally furnished alcohol is not barred from bringing action under the act against the minor's parent and owner of the automobile (MCL 257.401[1], 436.33[1]; MSA 9.2101[1], 18.1004[1]).

*Thomas R. Lewis,* for the plaintiff.

*Christopher F. Lindsay,* for the defendants.

Before: O'CONNELL, P.J., and MACKENZIE and GAGE, JJ.

Gage, J. In this action arising out of a one-vehicle automobile accident, plaintiff appeals as of right from an order granting summary disposition to defendants pursuant to MCR 2.116(C)(10). We reverse and remand.

Plaintiff, aged twenty-one, and nineteen-year-old defendant Billy Joe Anderson, Jr., (hereinafter the singular word "defendant" refers to Billy Joe Anderson, Jr.) started drinking together at a bar around 9:30 P.M. on the night of the automobile accident that forms the basis of plaintiff's lawsuit. Before meeting plaintiff at the bar, defendant had already consumed a few beers that he had brought from home. The two young men later proceeded together to a second bar. Defendant drove both parties in an automobile owned by his father.

While at the first bar, plaintiff bought several beers and mixed drinks for both himself and defendant. In their depositions, the parties disagreed about whether plaintiff paid for all of the drinks or whether defendant also purchased alcohol. At the second bar, they each drank two more beers. Plaintiff recalled that he paid for only one round. Defendant again testified that plaintiff bought both rounds. The parties left the second bar together. Defendant was driving at a high rate of speed when he lost control of the automobile, which skidded 107 feet, jumped the curb, and hit a tree. Plaintiff was severely injured.

As a result of the accident, defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor (OUIL) and being a minor in possession of alcohol in a motor vehicle. Plaintiff filed the complaint underlying this suit, in which he alleged that defendant acted negligently and in viola-

tion of Michigan law in driving at an excessive rate of speed, driving without due care and caution and with wilful and wanton disregard for the safety of other people and property, and driving under the influence of liquor. The complaint further alleged that defendant drove the vehicle with the implied consent and knowledge of his father, Billy Joe Anderson, Sr., the owner of the automobile.

The defendants moved for summary disposition pursuant to MCR 2.116(C)(10). They argued that although Billy Joe, Jr., had violated several traffic laws, plaintiff admitted that he had bought alcohol for the nineteen-year-old in violation of MCL 436.33(1); MSA 18.1004(1). Plaintiff's furnishing of alcohol to a minor, defendants contended, contributed to Billy Joe, Jr.'s intoxication and the subsequent accident and deprived plaintiff of a cause of action. Citing this Court's holding in *Larrow v Miller*, 216 Mich App 317; 543 NW2d 704 (1996), the circuit court held that plaintiff's active participation in defendant's intoxication barred his claim.

Plaintiff moved for reconsideration, arguing that the circuit court incorrectly relied on *Larrow* in granting defendants' motion because the "non-innocent party doctrine" applies only to cases brought under the dramshop act, MCL 436.22; MSA 18.993. *Larrow* was a dramshop case in which only the defendants who were tavern owners and operators were granted summary disposition. Further, plaintiff argued that his furnishing of alcohol to a minor was not the sole cause of his injuries, that defendant's careless, drunken driving also contributed to the accident, and therefore the apportionment of fault among the parties should be left to the finder of fact. The cir-

cuit court denied plaintiff's motion for reconsideration. The court noted that, while plaintiff correctly asserted that *Larrow* was a dramshop case and therefore not binding precedent in the present suit, plaintiff nonetheless could not assert a cause of action because his illegal act in furnishing alcohol to a minor barred his claim under the wrongful-conduct rule.

Michigan has long followed a common-law maxim that when a plaintiff's action is based on his own illegal conduct, the claim is generally barred. *Orzel v Scott Drug Co*, 449 Mich 550, 558-559; 537 NW2d 208 (1995). This maxim, known as the wrongful-conduct rule, has its exceptions. The mere fact that a plaintiff engaged in illegal conduct at the time of his injury does not mean that his claim is automatically barred. *Id.* at 561. To fall under the bar of the rule, the plaintiff's conduct must be prohibited or almost entirely prohibited under a penal or criminal statute. *Id.* There must also be a sufficient causal nexus between the plaintiff's illegal conduct and the plaintiff's asserted damages. *Id.* at 564. Another possible exception to the wrongful conduct rule is where both the plaintiff and the defendant have engaged in illegal conduct, but the defendant's culpability for the damages is greater than the plaintiff's culpability. *Id.* at 569. This may occur, for example, where the plaintiff has acted "under circumstances of oppression, imposition, hardship, undue influence, or great inequality of condition or age." *Id.* (citation omitted). Finally, a plaintiff's claim is not barred by his wrongful conduct if a statute violated by the defendant explicitly authorizes recovery by a person similarly situated as the plaintiff. *Id.* at 570. If the statute is silent regarding recovery, courts are left to infer whether the Legislature

clearly intended persons similarly situated as the plaintiff to seek recovery. *Id.*

On appeal, plaintiff argues that the circuit court erred in granting summary disposition to defendants because the court confused the wrongful-conduct rule with the "non-innocent party doctrine" that applies only to cases brought under the dramshop act, MCL 436.22; MSA 18.993. Plaintiff further argues that the court erroneously failed to apply the proximate cause requirement of the wrongful-conduct rule and that the court failed to consider an exception to the wrongful-conduct rule that allows a plaintiff to pursue an action if the defendant's culpability is greater than the plaintiff's. Finally, plaintiff argues that the circuit court erred in not finding that the owner's liability statute, MCL 257.401(1); MSA 9.2101(1), provided plaintiff with a cause of action.

We agree that the circuit court erred in applying the wrongful-conduct rule to the facts of the present case. We reverse on the ground that the issue of the parties' degrees of negligence was a question of fact for the factfinder to determine under Michigan's comparative negligence law, and the circuit court therefore erred in granting summary disposition to defendants.

This Court reviews an order granting summary disposition de novo. *Pinckney Community Schools v Continental Casualty Co*, 213 Mich App 521, 525; 540 NW2d 748 (1995). A motion brought under MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). The circuit court may grant a motion brought pursuant to MCR 2.116(C)(10) when, "[e]xcept as to the amount of damages, there is no

genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." *Id.*

We first note that plaintiff correctly asserts that the circuit court's initial application of the noninnocent party doctrine was in error. That doctrine, which prevents a person who contributed to a defendant's intoxication from recovering for injuries caused by that intoxication, applies only to actions brought against licensed alcohol retail establishments under the dramshop act. *Arbelius v Poletti,* 188 Mich App 14, 21-23; 469 NW2d 436 (1991). The circuit court clearly erred in initially granting summary disposition on this ground. The doctrine "developed in relation to a statutory cause of action" and "applies only to dramshop actions and not to actions for common-law negligence based in part upon a violation of MCL 436.33; MSA 18.1004." *Id.* at 22-23.

The present action, as the circuit court correctly noted in its ruling on plaintiff's motion for reconsideration, is not based on the dramshop act. Plaintiff based his complaint on common-law and statutory negligence principles, specifically on Billy Joe, Jr.'s alleged negligence in driving at an excessive rate of speed under the prevailing conditions, failing to drive with due care and caution, failing to keep his automobile constantly under control, driving in a manner that showed a wilful or wanton disregard for the safety of persons or property, and driving while under the influence of intoxicating liquor or controlled substances.

Plaintiff also alleged that Billy Joe, Jr., was negligent in failing to obey and conform to the Michigan Vehicle Code, noting violations of the statutes con-

cerning driving under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325, operation of a vehicle after impairment of ability due to consumption of intoxicating liquor, MCL 257.625(3); MSA 9.2325(3), reckless driving, MCL 257.626; MSA 9.2326, careless driving, MCL 257.626b; MSA 9.2326(2), violation of speed restrictions, MCL 257.627; MSA 9.2327, violation of speed limits, MCL 257.628; MSA 9.2328, and the owner's liability statute, MCL 257.401; MSA 9.2101. Plaintiff further alleged that the violation of the above common-law and statutory duties proximately caused plaintiff's injuries.

Evidence was presented that both plaintiff and defendant violated penal statutes. For defendant's part, he was charged with OUIL and being a minor in possession of alcohol in a motor vehicle.[1] As for plaintiff's statutory violation, both plaintiff and defendant testified in their depositions that plaintiff bought at least some of the alcohol consumed by defendant on the evening of the accident. The parties do not dispute that defendant was only nineteen years old on the date of the accident and that plaintiff was twenty-one years of age. Thus, there is no genuine issue of fact regarding plaintiff's violation of MCL 436.33(1); MSA 18.1004(1), which provides in pertinent part:

> Alcoholic liquor shall not be sold or furnished to a person unless the person has attained 21 years of age. Except as otherwise provided in subsection (2) and subject to subsection (4), a person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person

---

[1] The parties have not informed this Court of the disposition of these charges.

is less than 21 years of age, is guilty of a misdemeanor. . . . [A] person who is not a retail licensee or a retail licensee's clerk, agent, or employee and who violates this subsection shall be fined $1,000.00 and may be sentenced to imprisonment for up to 60 days for a first offense, shall be fined $2,500.00 and shall be sentenced to imprisonment for up to 90 days for a second or subsequent offense, and may be ordered to perform community service.

This statute has been construed by our Supreme Court as a penal statute. *Longstreth v Gensel*, 423 Mich 675, 692; 377 NW2d 804 (1985). Violation of a penal statute can be prima facie evidence of negligence. *Id.* However, plaintiff's negligence should not bar his lawsuit. The rule that a plaintiff's contributory negligence acts to bar any recovery from the defendant was abandoned in *Placek v Sterling Heights*, 405 Mich 638, 650; 275 NW2d 511 (1979), and replaced with comparative negligence. Under a pure comparative negligence system, a plaintiff's negligence merely reduces the amount of the plaintiff's recovery. Liability is allocated in proportion to the parties' degree of fault. *Jennings v Southwood*, 446 Mich 125, 130-131; 521 NW2d 230 (1994).[2]

Furthermore, plaintiff's violation of a statute should also not automatically bar his suit under the wrongful-conduct rule. As the Michigan Supreme Court noted in *Manning v Bishop of Marquette*, 345 Mich 130, 136; 76 NW2d 75 (1956):

---

[2] Pursuant to MCL 500.3135; MSA 24.13135, plaintiff will be able to recover for any noneconomic losses only if he has suffered "serious impairment of body function, or permanent serious disfigurement." In cases filed on or after March 28, 1996, plaintiffs cannot recover for noneconomic losses if they are found to be "more than 50% at fault."

> For a plaintiff to be barred of an action for negligent injury . . . his injury must have been suffered while and as a proximate result of committing an illegal act. The unlawful act must be at once the source of both his criminal responsibility and his civil right. The injury must be traceable to his own breach of the law and such breach must be an integral and essential part of his case. [Citations omitted.]

In other words, "if a complete cause of action can be shown without the necessity of proving the plaintiff's illegal act, the plaintiff will be permitted to recover notwithstanding that the illegal act may appear incidentally and may be important to the explanation of other facts in the case." 1 Am Jur 2d, Actions, § 45, p 753. Thus, the fact that plaintiff violated MCL 436.33(1); MSA 18.1004(1) does not by itself bar his lawsuit, because plaintiff need not prove his violation of the statute to fully plead his cause of action.

> [W]ith few exceptions, the courts have long since discarded the doctrine that any violator of a statute is an outlaw with no rights against anyone, and have recognized that, except in so far as the violator must resort to an illegal contract or an illegal status as the basis of the defendant's duty to him, one who violates a criminal statute is not deprived of all protection against the torts of others. . . .
>
> The accepted rule now is that a breach of statute by the plaintiff is to stand on the same footing as a violation by the defendant. [Prosser & Keaton, Torts (5th ed), § 36, p 232.]

Moreover, plaintiff's wrongful conduct was not of the type that typically invokes the rule and bars a plaintiff's cause of action. We note that of the opinions cited in *Orzel, supra,* in which the application of the wrongful-conduct rule was considered, four cases involved murder, two arson, two illegal gambling, and the rest involved embezzlement, perjury, an illegal

contract, or statutory rape. See *id.* at 559. The *Orzel* Court specifically noted that "where the plaintiff's illegal act only amounts to a violation of a safety statute, such as traffic and speed laws or requirements for a safe workplace, the plaintiff's act, while illegal, does not rise to the level of serious misconduct sufficient to bar a cause of action by application of the wrongful-conduct rule." *Id.* at 561.

MCL 436.33; MSA 18.1004, the statute prohibiting selling or furnishing alcohol to persons under twenty-one years of age, falls within the Liquor Control Act, which regulates liquor traffic within the state and "involves the public health, safety, and morals." *Longstreth, supra* at 683. The statute protects a particular interest—freedom from injury caused by the use of alcohol by a person under the age of twenty-one. *Id.* at 693. As such, we find that the statute is a safety statute, the violation of which does not by itself bar a plaintiff's cause of action. *Orzel, supra* at 561.

Plaintiff's suit is based on defendant's alleged negligent acts of driving an automobile while under the influence of intoxicating liquor and at high speeds. As the Supreme Court recognized in *Longstreth,* a minor driver who knowingly consumes alcohol is as guilty of a summary offense as the social host who furnished the driver with alcohol in violation of the dramshop act. *Id.* at 697. The *Longstreth* Court also adopted the reasoning of *Young v Caravan Corp,* 99 Wash 2d 655; 663 P2d 834 (1983); amended 672 P2d 1267 (1983), in which the state of Washington's courts found that the contributory negligence of a minor driver who consumes alcohol diminished his recovery against a social host in proportion to the percentage of the minor's negligence. *Id.*

We recognize that the present case does not involve a minor driver's lawsuit against the adults who furnished him with alcohol and *Longstreth* is therefore not exactly on point, but we nonetheless find that the principles enunciated in *Longstreth* are instructive in resolving the present matter. As a minor, Billy Joe, Jr., is within the class of persons the Legislature sought to protect in enacting MCL 436.33(1); MSA 18.1004(1). *Longstreth, supra* at 693. Although minors are not considered competent to handle the effects of intoxication, the law presumes that they are competent to drive an automobile in a nonnegligent manner. *Id.* at 697-698. We find that sufficient evidence was presented to the circuit court to raise a question of fact concerning Billy Joe, Jr.'s negligence as a cause of plaintiff's injuries. Accordingly, and because plaintiff's claim was not automatically barred by his statutory violation either under the wrongful-conduct rule or the superseded doctrine of contributory negligence, the circuit court should not have granted summary disposition to defendants. If the trier of fact determines that plaintiff's own negligence was a proximate cause of his injuries and was equal to or greater than defendant's negligence in causing the accident in which plaintiff was injured, comparative negligence principles will ensure that plaintiff does not recover for his own fault. We express no opinion regarding the relative negligence of plaintiff and defendant, because this is a matter that should be decided by the finder of fact. *Id.* at 698. However, principles of comparative fault should be considered by the circuit court on remand.

Finally, we note plaintiff's argument that the circuit court erred in failing to consider whether Billy Joe

Anderson, Sr., might be held liable for plaintiff's injuries under the owner's liability statute, MCL 257.401(1); MSA 9.2101(1). Although this issue is unpreserved because plaintiff failed to raise it below, we may still consider it because it involves a question of law and the facts necessary for its resolution have been presented. *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98-99; 494 NW2d 791 (1992). We agree that the circuit court erred in granting summary disposition to Billy Joe Anderson, Sr. MCL 257.401(1); MSA 9.2101(1) provides in pertinent part:

> The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by the common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family.

The purpose of this statute is to place the risk of damage or injury on the person who has the ultimate control of the motor vehicle as well as the person in immediate control. *North v Kolomyjec*, 199 Mich App 724, 726; 502 NW2d 765 (1993). The owner's liability under the statute is nonderivative. *Wilson v Al-Huribi*, 55 Mich App 95, 98; 222 NW2d 49 (1974). To subject an owner to liability under the statute, an injured person need only prove that the defendant is the owner of the vehicle and that it was being operated with the defendant's knowledge or consent. *North, supra* at 726-727. Defendants did not contest

that the vehicle driven by Billy Joe, Jr., on the night in question belonged to Billy Joe Anderson, Sr. Moreover, the statute clearly states that Billy Joe, Jr., as the owner's son, was presumed to have driven the vehicle with Billy Joe Anderson, Sr.'s knowledge and consent. MCL 257.401(1); MSA 9.2101(1). Furthermore, plaintiff's violation of a statute in furnishing alcohol to Billy Joe, Jr., does not block his cause of action under this statute. The Legislature in enacting the owner's liability statute chose not to limit the applicability of it exclusively to innocent parties. *Osner v Boughner*, 180 Mich App 248, 268-269; 446 NW2d 873 (1989). "[A]ny person" is granted authority to pursue a civil action under the statute. *Id.* at 268. Thus, it was error for the circuit court to dismiss the case against Billy Joe Anderson, Sr., under the owner's liability statute.

In light of the above considerations, we hold that it was error for the circuit court to grant summary disposition to defendants under the wrongful-conduct rule because plaintiff does not base his cause of action on his own violation of a statute. Moreover, there are causation issues for the trier of fact to determine, and defendant's own negligence precludes such a result. Furthermore, the circuit court erred in failing to consider plaintiff's cause of action against Billy Joe Anderson, Sr., under the owner's liability statute. Finally, the principles of comparative fault should resolve any issues concerning plaintiff's own negligence and culpability for his injuries.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.