# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY KLEIN,

        Plaintiff-Appellant,

v

ROSEMARY KING, DERRICK ROE, JOHN DOE, and ALLSTATE INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
January 19, 2016

No. 323755
Wayne Circuit Court
LC No. 13-003902-NI

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting defendant Rosemary King's motion for summary disposition. We affirm.

This case arises from an incident in which plaintiff was injured in a car accident. Plaintiff and King are husband and wife. Plaintiff did not have a driver's license at the time of the accident. King permitted plaintiff to use a Chevrolet Impala that was titled in her name and insured with defendant Allstate Insurance Company ("Allstate") as long as plaintiff had someone with a driver's license drive the car. On the day of the accident, plaintiff encountered Derrick Roe at a party store, and the two discussed a construction job in Detroit. Plaintiff knew that Roe's first name was "Derrick," but did not know his last name. Roe agreed to drive plaintiff to the construction site in the Impala and showed plaintiff his driver's license. During the car ride, plaintiff and Roe were involved in a car accident. Plaintiff recalled seeing a vehicle hauling a trailer in front of the Impala. Plaintiff believed that impact with the trailer was imminent due to the proximity of the trailer to the Impala. The next thing plaintiff remembered was being woken up at a gas station. Roe was gone. Investigator and reconstructionist reports following the accident indicated that the Impala hit a light pole. However, there was no additional evidence establishing what occurred during the car accident.

Plaintiff argues that the trial court erred in granting King's motion for summary disposition since there was a genuine issue of material fact with regard to whether Roe was negligent. We disagree.

This Court reviews de novo a trial court's decision to grant a motion for summary disposition under MCR 2.116(C)(10). *Pace v Edel-Harrelson*, 309 Mich App 256, 264 n 3; 870

NW2d 745 (2015). " 'When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party.' " *Id*. (citation omitted). Summary disposition is proper under MCR 2.116(C)(10) if there is no genuine issue of material fact. *Id*. " 'A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ.' " *Id*. (citation omitted).

Plaintiff filed a complaint against King, Allstate, Roe, and defendant John Doe, who is the unknown driver of the vehicle hauling the trailer. Plaintiff asserted that King was liable under the owner's liability statute, MCL 257.401. MCL 257.401(1) provides:

> This section shall not be construed to limit the right of a person to bring a civil action for damages for injuries to either person or property resulting from a violation of this act by the owner or operator of a motor vehicle or his or her agent or servant. The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family.

The owner's liability statute provides a plaintiff with a cause of action against an owner of a motor vehicle for the negligent operation of the motor vehicle by an authorized user. *DeHart v Joe Lunghamer Chevrolet, Inc*, 239 Mich App 181, 185; 607 NW2d 417 (1999). A plaintiff must show that the defendant was the owner of the vehicle and that the vehicle was driven with the defendant's consent or knowledge. *Travelers Ins v U-Haul of Mich, Inc*, 235 Mich App 273, 281; 597 NW2d 235 (1999). The plaintiff must also show that his injury was caused by the negligent operation of a motor vehicle. MCL 257.401(1).

Thus, in order to establish liability, the plaintiff must establish negligence. In order to succeed on a negligence theory, a plaintiff must establish " '(1) duty; (2) breach of that duty; (3) causation, both cause in fact and proximate causation; and (4) damages.' " *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 281; 807 NW2d 407 (2011) (citation omitted). With regard to the owner's liability statute, duty may be established by statute or through the common-law ordinary care standard. MCL 257.401. "Ordinary care means the care that a reasonably careful person would use under the circumstances." *Case v Consumers Power* Co, 463 Mich 1, 7; 615 NW2d 17 (2000). With regard to causation, a plaintiff must establish cause-in-fact and legal causation. *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 496; 791 NW2d 853 (2010). "While legal causation relates to the foreseeability of the consequences of the defendant's conduct, the cause-in-fact prong 'generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred.' " *Id*. (citation omitted). There can be more than one proximate cause of an injury to a plaintiff. *Id*. at 496-497. " '[C]ausation theories that are mere possibilities or, at most, equally as probable as other theories do not justify denying

-2-

[a] defendant's motion for summary judgment.' " *MEEMIC Ins Co*, 292 Mich App at 282 (citation omitted).

In this case, the parties disputed whether certain evidence was admissible. However, even assuming that all of the evidence presented by plaintiff was admissible, there is no evidence regarding the circumstances of the accident indicating that Roe was negligent. Plaintiff argues that the fact that Roe fled the scene of the accident without stopping, providing information, or rendering assistance should give rise to a presumption of negligence. MCL 257.617(1) provides:

> The driver of a vehicle who knows or who has reason to believe that he or she has been involved in an accident upon public or private property that is open to travel by the public shall immediately stop his or her vehicle at the scene of the accident and shall remain there until the requirements of [MCL 257.619] are fulfilled or immediately report the accident to the nearest or most convenient police agency or officer to fulfill the requirements of [MCL 257.619(a) and (b)] if there is a reasonable and honest belief that remaining at the scene will result in further harm. The stop shall be made without obstructing traffic more than is necessary.

See also MCL 257.617a. MCL 257.619 provides:

> The driver of a vehicle who knows or who has reason to believe that he or she has been involved in an accident with an individual or with another vehicle that is operated or attended by another individual shall do all of the following:
>
> (a) Give his or her name and address, and the registration number of the vehicle he or she is operating, including the name and address of the owner, to a police officer, the individual struck, or the driver or occupants of the vehicle with which he or she has collided.
>
> (b) Exhibit his or her operator's or chauffeur's license to a police officer, individual struck, or the driver or occupants of the vehicle with which he or she has collided.
>
> (c) Render to any individual injured in the accident reasonable assistance in securing medical aid or arrange for or provide transportation to any injured individual.

MCL 257.620 provides:

> The driver of any vehicle which collides upon either public or private property with any vehicle which is attended or unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the vehicle or, if such owner cannot be located, shall forthwith report it to the nearest or most convenient police officer.

MCL 257.621(a) provides:

> The driver of any vehicle involved in an accident resulting only in damage to fixtures legally upon or adjacent to a highway shall take reasonable steps to locate and notify the owner or person in charge of such property of such accident and of his name and address and of the registration number of the vehicle he is driving and shall upon request exhibit his operator's or chauffeur's license and, if such owner cannot be found, shall forthwith report such accident to the nearest or most convenient police officer.

Plaintiff argues that the fact that Roe left the scene of the accident without taking the steps outlined in the above statutes establishes a presumption of negligence. Plaintiff cites *Johnson v Austin*, 406 Mich 420, 434; 280 NW2d 9 (1979), in which the decedent was killed when she walked across the street. There was evidence that the decedent was killed as a result of being hit by a vehicle or involved in a car accident. *Id*. at 434. There was no evidence regarding the circumstances of the accident. *Id*. The driver of the motor vehicle failed to provide aid, assistance, and information, which was statutorily required. *Id*. at 436. The plaintiff filed a lawsuit under the motor vehicle accident claims act, MCL 257.112. *Id*. at 430. The issue in the Michigan Supreme Court was whether evidence of an unidentified driver's flight from the scene of the incident, which violated statutory duties to stop, render aid, give information, and make a report, should create a presumption of the driver's negligence in the context of actions brought under the motor vehicle accident claims act. *Id*. at 430-431. The Court reasoned that the flight from the scene of the incident should create a presumption of negligence as follows:

> If the victim or other witnesses can provide information concerning the circumstances of the accident, the driver's failure to stop and give information may not then result in a loss of evidence preventing the plaintiff from producing evidence of those circumstances. The inference drawn from the evidence of flight can be weighed with the circumstances of the accident as one of the factors in deciding whether the driver was negligent. A fair allocation of the burden of production of evidence does not then call for an evidentiary presumption.

> Such a presumption should, however, arise in the atypical case where, as here, the circumstances of the accident are unknown because the victim is unable to testify, there were no known witnesses to the accident, the driver is unidentified and unsuable and his failure to comply with his statutory obligations caused a loss of evidence which compliance would have provided. [*Id*. at 433-434.]

The Court reasoned that the presumption was fair since the driver's breach of his statutory duties created the lack of evidence, it is unlikely that a driver who is not at fault would subject himself to hit-and-run charges, and the presumption served the policy of compensating the victim of the unidentified hit-and-run driver under the motor vehicle accident claims act. *Id*. at 434. The Court explained:

> One who flees from the scene of an accident violates the statutory obligations to stop, give information and aid, and to make a report, and thereby subjects himself to the imposition of a severe prison term. It is reasonable, therefore, to draw

inferences from the flight of a driver involved in an automobile accident that might not be appropriate in another case. [*Id*. at 438.]

In this case, Roe may have been able to explain the circumstances of the accident if he remained at the scene of the accident and provided information regarding what occurred during the accident. Nevertheless, we conclude that this case is distinguishable from *Johnson* for several reasons. First, as noted in King's brief on appeal, the Michigan Supreme Court decided the issue in the context of the motor vehicle accident claims act, rather than in the context of the owner's liability statute. *Johnson*, 406 Mich at 430. The Court discussed the purposes of the motor vehicle accident claims act in its reasoning for establishing a presumption of negligence when an unidentified hit-and-run driver flees the scene of the accident. *Id*. at 434, 443. The purpose at issue in the case was to compensate the victim of an unidentified hit-and-run driver. *Id*. at 443. In this case, the purpose of the owner's liability statute is "to place the risk of damage or injury on the person who has the ultimate control of the motor vehicle, as well as on the person who is in immediate control." *North v Kolomyjec*, 199 Mich App 724, 726; 502 NW2d 765 (1993). The purpose of the owner's liability statute, therefore, emphasizes which party is liable, rather than the compensation of the victim. See *id*.

Second, the evidence indicates that Roe took several actions before leaving the scene of the accident and did not simply flee the scene, which further distinguishes this case from *Johnson*. Plaintiff indicates in his brief on appeal that Roe was the person who drove him to the gas station. Assuming that Roe was the person who drove plaintiff to the gas station, the evidence indicates that Roe drove the Impala to a gas station following the accident, and then left at some point after arriving at the gas station. Roe told a gas station employee that he crashed down the street. An unidentified person called 911, and it is unclear whether Roe or someone else called 911. It is also unclear how long Roe remained at the gas station before the police arrived. Additionally, plaintiff recalled what occurred immediately before the accident at the time of his deposition. He argued in the trial court that there was admissible evidence regarding how and why the accident occurred. Thus, this case is distinguishable from *Johnson* since there is evidence that Roe took several actions instead of simply fleeing the scene of the accident, and plaintiff provided at least some information concerning the circumstances of the accident. See *Johnson*, 406 Mich at 433-434. Therefore, the fact that Roe left the gas station after an undetermined period does not give rise to a presumption of negligence. See *id*.

Plaintiff otherwise failed to present evidence indicating that Roe was negligent. Plaintiff argues that the fact that there was evidence that the Impala hit a light pole indicates that Roe was negligent since Roe was required to keep the Impala on the road. However, plaintiff failed to present evidence regarding what occurred during the accident. Even assuming that the Impala hit the light pole, it is unclear from the evidence provided whether Roe failed to keep the car under control and on the road, or whether another vehicle hit the Impala and caused the car to collide with the light pole. Therefore, the fact that there was evidence that the Impala hit a light pole does not indicate that Roe was negligent for failing to keep the car under control, failing to keep a proper lookout, failing to keep an assured distance between vehicles, or failing to keep the Impala on the road. See MCL 257.626, MCL 257.626b and MCL 257.643. Additionally, the fact that there was evidence that the car hit a light pole also does not establish that Roe breached his duty of ordinary care since it is unclear whether a reasonable person would have hit the light pole under the circumstances of the case. See *Case*, 463 Mich at 7.

-5-

Plaintiff further argues that it is presumed that a vehicle that hits the rear of another vehicle is at fault. However, there was no evidence indicating that the Impala hit the rear of another vehicle. Instead, plaintiff testified that he believed an impact was imminent, but could not recall the accident. Furthermore, although there was evidence that Roe violated his statutory duties to identify himself, remain at the scene, and show a driver's license, Roe's actions in failing to take the proper steps under the statutes following the accident did not cause plaintiff's injuries. Plaintiff is required to establish that the negligent operation of a motor vehicle caused his injuries. See MCL 257.401. In this case, plaintiff's injuries were caused in the accident, which occurred before Roe failed to take certain steps after the accident. See *O'Neal*, 487 Mich at 496-497. Plaintiff does not present any evidence indicating that Roe's failure to identify himself, remain at the scene, and show a driver's license caused plaintiff to suffer any additional injuries. Instead, the evidence establishes that 911 was called, Roe drove plaintiff to the gas station, a bystander woke plaintiff up and called his family members, and plaintiff was transported to the hospital. Thus, plaintiff fails to show that Roe's refusal to take certain steps required under statute caused his injuries. See *id*.

Plaintiff also alludes to the fact that negligence can be proven through circumstantial evidence. The doctrine of res ipsa loquitur permits a permissible inference of negligence from the circumstantial evidence in the case. *Woodard v Custer*, 473 Mich 1, 6; 702 NW2d 522 (2005). A plaintiff must establish the following in order for the inference to apply:

(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;

(2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;

(3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and

(4) [e]vidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. [*Id*. at 7 (citation and quotation marks omitted; alteration in original).]

In this case, plaintiff cannot avail himself to the inference of negligence because he cannot show that the incident was caused by an instrumentality within the exclusive control of Roe. It is not clear whether the Impala or another vehicle caused the accident. Thus, plaintiff cannot avail himself of the permissible inference of negligence from the circumstantial evidence in this case since he cannot show that the accident was caused by an agency or instrumentality within the exclusive control of Roe. *Woodard*, 473 Mich at 6-7. Without evidence regarding what occurred during the accident, the jury would be left to speculate regarding whether Roe's negligence caused plaintiff's accident. See *Skinner v Square D Co*, 445 Mich 153, 174-175; 516 NW2d 475 (1994) (explaining that the parties may not submit an evidentiary record to the jury that only permits the jury to guess regarding the issues of material fact), overruled in part on other grounds, *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999), superseded in part by statute as stated in *McLiechey v Bristol West Ins Co*, 408 F Supp 2d 516, 523-524 (WD Mich, 2006). Accordingly, plaintiff fails to provide evidence that Roe's

negligence caused his injuries or that a presumption of negligence should apply in this context. We need not address the additional issues raised in plaintiff's brief on appeal since we conclude that plaintiff cannot establish negligence with regard to his owner's liability claim.[1]

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

---

[1]Allstate raises the issue whether the trial court erred in granting summary disposition with regard to plaintiff's uninsured motorist benefits claim. Plaintiff filed a reply brief in this Court, arguing that the trial court erred in granting summary disposition in favor of Allstate with regard to the uninsured motorist benefits claim. However, the issue is not discussed in plaintiff's brief on appeal. Therefore, the issue is not properly before this Court and is abandoned on appeal. See *Woods v SLB Prop Mtg, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008) (" '[A]n appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.' ") (citation omitted); *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 404; 628 NW2d 86 (2001) ("Independent issues not raised in the statement of questions presented are not properly presented for appellate review.").